(125 App. Div. 901.)

### FULTON v. KRULL.

(Supreme Court, Appellate Division, Fourth Department.　March 4, 1908.)

Appeal from Judgment on Report of Referee.

Action by C. A. Fulton against Fred H. Krull, under Code Civ. Proc. art. 5, tit. 1, c. 14, to compel the determination of defendant's claim to certain real property. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

PER CURIAM. Judgment and order affirmed, with costs, upon the opinion of Tuttle, referee, in the case of Clinton v. Krull (decided at this term of court) 111 N. Y. S. 105.

---

### GLYNN, State Comptroller, v. CONKLIN et al.

(Supreme Court, Appellate Division, Third Department.　June 18, 1908.)

TAXATION—TRANSFER—CORPORATIONS—STOCK.

　　A transfer of stock in certain corporations, pursuant to a sale on foreclosure of a mortgage on the stock, was taxable under Tax Law, Laws 1905, p. 474, c. 241, § 315, as amended by Laws 1906, p. 1008, c. 414, imposing a tax of 2 cents a share on transfers of stock in corporations.

Submission of controversy on agreed statement of facts, as authorized by Code Civ. Proc. § 1279, by Martin H. Glynn, as Comptroller of the state of New York, against Henry W. Conklin, as referee, and another. Judgment for plaintiff.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William Schuyler Jackson, Atty. Gen., and Frank H. Mott, Deputy Atty. Gen., for plaintiff.

Harris, Havens, Beach & Harris (Edward Harris, Jr., of counsel), for defendant.

COCHRANE, J. To secure an issue of bonds the United States Independent Telephone Company executed to the defendant Security Trust Company of Rochester a mortgage covering 322,726 shares of stocks of other and different corporations, of the face value of $100 a share. The mortgagor having defaulted in the payment of such bonds, the mortgagee instituted an action in the Supreme Court of this state for the foreclosure of said mortgage. Such proceedings were had in such action that the defendant Henry W. Conklin was appointed a referee to sell said stocks under a judgment directing such sale, and pursuant to such judgment the stocks have been duly sold by the referee. The question is whether the tax of two cents a share imposed on the transfer of stocks by section 315 of the tax law (Laws 1896, p. 795, c. 908), added thereto by chapter 241, p. 474, of the Laws of 1905, as amended by chapter 414, p. 1008, of the Laws of 1906, applies to such a sale.